# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAMON GARRABRANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-100-SMY |
| ) | |
| MATTHEW SWALLS, ) | |
| PENNY GEORGE, ) | |
| and AMELIA MERZ, ) | |
| ) | |
| Defendants. | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Damon Garrabrant, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Jacksonville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that while incarcerated at Vienna Correctional Center ("Vienna"), he was improperly prescribed Prazosin, which caused him to have a seizure and fall, injuring his neck and head. He asserts claims under the Eighth Amendment and a medical malpractice claim under Illinois law. Plaintiff seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): On February 19, 2018, Plaintiff was diagnosed with post traumatic stress disorder and was prescribed Venlafaxine, Traxodone, and Prazosin by Dr. Amelia Merz. (Doc. 1, p. 5). Plaintiff was directed to take 1 mg of Prazosin for the first dose, 2 mg for the next two nightly doses, and then 3 mg for 6 months. (*Id.*). Although Plaintiff signed a consent to treatment form on February 21, 2018 and was provided side effect information for Venlafaxine and Traxodone, he did not receive side effect information for Prazosin. (*Id.*).

On February 24, 2018, Plaintiff was provided with the three medications, including a 3 mg dose of Prazosin. (Doc. 1, p. 6). Plaintiff woke up at 12:00 a.m. on February 25, 2018 and walked to the restroom which was approximately 90 feet from his cell. (*Id.*). He had a seizure while standing at the urinal and fell backward, hitting his head and neck. (*Id.*). He was admitted to the healthcare unit and remained there until February 28, 2018. He refused to take any prescribed medications until he spoke with Dr. Merz.

Plaintiff met with Dr. Merz by Skype on February 28, 2018. He was scolded for getting up to use the restroom as he was not supposed to be walking while on the medication. (*Id.* at p. 7). When he informed Dr. Merz that the restroom was 90 feet from his cell, she stated she was unaware that he would be required to walk to the restroom. (*Id.*). She prescribed Plaintiff a smaller dose of the Prazosin.

Plaintiff continued to suffer from neck pain, spasms, vertigo, and blurry vision. (Doc. 1, p. 8). He requested the side effect information sheet for Prazosin on March 19, 2018 and discovered that Prazosin and Trazodone should not have been prescribed to him at the same time.

(*Id*.).  His medication was discontinued on March 21, 2018 after he expressed his concerns to Dr. Merz.  (*Id*. at p. 9).

Dr. Merz and Penny George prescribed too high a dose of Prazosin and prescribed Trazodone along with the Prazosin, causing Plaintiff to have a seizure and pass out.  (Doc. 1, p. 12).  Dr. Merz and Penny George were aware of the side effects but did not provide Plaintiff with a proper brochure regarding the side effects.  They continued to prescribe the same medication despite the risk to Plaintiff's health.  (*Id*.).  Defendant Matthew Swalls failed to act reasonably in response to Plaintiff's grievances about his medication.  (*Id*. at p. 14).

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following Counts:

> **Count 1:** **Matthew Swalls, Penny George, and Amelia Merz were deliberately indifference under the Eighth Amendment to his serious medical needs when he was prescribed Prazosin.**
>
> **Count 2:** **Matthew Swalls, Penny George, and Amelia Merz committed medical negligent and/or medical malpractice in treating Plaintiff's PTSD.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Discussion**

**Count 1**

Plaintiff alleges that he was provided with an improper dosage of Prazosin by Dr. Merz and Penny George which caused him to have a seizure and fall, injuring his neck and head. He also alleges that he was improperly prescribed Trazodone with the Prazosin when the two drugs should not be taken together and that Dr. Merz continued with his Prazosin prescription even after he suffered a seizure. These allegations are sufficient to state a viable deliberate indifference claim against Dr. Merz and Penny George. See, *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Kelley v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990) (deliberate indifference when doctor continues with treatment knowing it to be ineffective). Count 1 will therefore proceed against these defendants.

To the extent that Plaintiff alleges Defendants George and Swalls are liable for not monitoring Dr. Merz's actions and treatment, he fails to state a claim. A defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (*quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). In other words, Section 1983 does not authorize *respondeat superior* or "supervisory liability." *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011) (*citing Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).

Further, Plaintiff alleges that Defendant Smalls failed to act reasonably regarding Plaintiff's grievances when he learned that Plaintiff was taking Trazodone and Prazosin together. But while a prison official may be subject to liability if he or she "knows about unconstitutional conduct and facilitates, approves, condones, or 'turn[s] a blind eye' to it" (*Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015), citing *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996)), the

denial or mishandling of a grievance, standing alone, does constitute a constitutional violation. *See, e.g., Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). Additionally, grievance officials, as non-medical defendants, are entitled to reasonably rely on the expertise of medical professionals. *See Thornton v. Godinez*, 720 F. App'x 762, 764 (7th Cir. 2017).

Here, Plaintiff merely states that Swalls failed to act reasonably with respect to Plaintiff's grievances. (Doc. 1, p. 14). He does not allege that Swalls was involved in the alleged underlying constitutional violation or that he turned a blind eye or condoned Dr. Merz's and George's actions. The attached grievance demonstrates that Swalls concurred with the grievance officer's denial, which deferred to the care provided by the doctor and psychiatrist. (Doc. 1, pp. 23, 30). As such, Plaintiff has failed to state a deliberate indifference claim against Swalls, and therefore, Count 1 will be **DISMISSED without prejudice** as to Matthew Swalls for failure to state a claim.

## Count 2

Plaintiff's claim that Defendants were negligent in prescribing Prazosin arises under Illinois law.[2] Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this

---

[2] Defendant Matthew Swalls will be **DISMISSED** from Count 2 without prejudice as there is no indication that Warden Swalls is a "health professional." Therefore, he cannot be properly sued for medical malpractice.

5

case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 Ill. Comp. Stat. §5/2-622(a). A separate affidavit and report shall be filed as to each defendant. *See* 735 Ill. Comp. Stat. §5/2-622(b).

Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 Ill. Comp. Stat. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*

Plaintiff has failed to file the necessary affidavits or reports in the instant case. Therefore, the claim in Count 2 must be **DISMISSED** without prejudice. Plaintiff will be allowed 90 days to file the required affidavit(s), if he desires to seek reinstatement of this claim. The certificate(s) of merit must also be filed, in accordance with the applicable section of §5/2-622(a). Should Plaintiff fail to timely file the required affidavits/certificates, the dismissal of Count 2 may become a dismissal with prejudice.

### Injunctive Relief

Plaintiff seeks a preliminary/permanent injunction in the form of training for all mental health professionals at Vienna. (Doc. 1, p. 18). However, Plaintiff is no longer housed at Vienna. (Doc. 6). A prisoner's request for injunctive relief is rendered moot by his transfer to another prison. *Higgason v. Farley*, 83 F.3d 807, 812 (7th Cir. 1996); *Koger v. Bryan*, 523 F.3d 789, 804

(7th Cir. 2008). As such, Plaintiff's request for injunctive relief is moot unless "he can demonstrate that he is likely to be retransferred." *Higgason*, 83 F.3d at 812 (citing *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988)). Because Plaintiff has made no showing that he is likely to be transferred back to Vienna at anytime in the future, his request for injunctive relief is **DENIED AS MOOT**.

### Motion for Counsel

In his Motion for Counsel (Doc. 3), Plaintiff indicates that he has sent letters to several attorneys who have declined to take his case. He has not, however, indicated why he needs counsel in this case. Further, given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[3] Therefore, Plaintiff's Motion for Counsel (Doc. 3) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

### Disposition

**IT IS HEREBY ORDERED** that Count 1 shall proceed against Penny George and Amelia Merz but is **DISMISSED without prejudice** as to Matthew Swalls.

**IT IS FURTHER ORDERED** that Count 2 is **DISMISSED without prejudice**.

The Clerk is **DIRECTED** to terminate Matthew Swalls from the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to move the Court to reinstate the medical malpractice/negligence claim in **COUNT 2**, Plaintiff shall file the required affidavit(s) pursuant to 735 Ill.Comp.Stat. §5/2-622, within 90 days of the date of this order (on or before

---

[3] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

**August 6, 2019**). Further, Plaintiff shall timely file the required written report(s)/certificate(s) of merit from a qualified health professional, in compliance with §5/2-622. Should Plaintiff fail to timely file the required affidavits or reports, the dismissal of **COUNT 2** may become a dismissal with prejudice.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Penny George and Amelia Merz: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

The Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the

full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/8/2019**

*/s/ Staci M. Yandle*
**United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before

9

defendants' counsel has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**