IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAMON GARRABRANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19 -CV-00100 -MAB |
| | ) |
| MATTHEW SWALLS, PENNY GEORGE, AND AMELIA MERZ, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

Plaintiff Damon Garrabrant filed this *pro se* action pursuant to 42 U.S.C. §1983 alleging that Defendants Penny George and Amelia Merz were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. (Doc. 9).[1]

On September 11, 2020, Defendant Amelia Merz filed a motion to dismiss for lack of prosecution, citing to Plaintiff's lack of communication regarding discovery and failure to return discovery in a timely manner (Doc. 50, p. 3). Additionally, Defendant Merz argues that Plaintiff has not kept the Court apprised of his new address, evident by the Court's August 26, 2020 notice, which was returned as undeliverable (Doc. 49). Plaintiff was instructed to respond to this motion to dismiss on or before October 16, 2020.

Plaintiff filed a response on September 23, 2020, detailing that his current address on file with the Court is correct, despite mail being returned, and that his lack of

---

[1] In the Court's threshold review, pursuant to 28 USC § 1915A, Defendant Swalls was dismissed without prejudice. *See* Doc. 9, p. 7.

communication with Defendants was due to his belief that Court proceedings were postponed "due to the health crisis" (Doc. 51, p. 2). He assures the Court that he has not abandoned his case (*Id.*).

Plaintiff was released from Illinois Department of Corrections ("IDOC") custody on or around December 16, 2019 and notified the Court on December 23, 2019 of his change of address (Doc. 43). Plaintiff filed two more notices notifying the Court of his new addresses on April 21, 2020 and June 23, 2020 (Docs. 45, 46). On August 5, 2020, the Court amended the scheduling order so that discovery is due on or before October 30, 2020 with dispositive motions due on or before November 30, 2020 (Doc. 48). This notice was mailed to Plaintiff at his last known address (from the June 23, 2020 notice), and was returned as "undeliverable" (Doc. 49). Soon after, Defendant Merz filed her motion to dismiss for lack of prosecution.

Federal Rule of Civil Procedure 41(b) permits involuntary dismissal for failure to prosecute an action or to comply with court orders. Pursuant to Rule 41(b), an action may be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (quoting *Dunphy v. McKee,* 134 F.3d 1297, 1299 (7th Cir. 1998)). The Court is mindful of the difficulties prisoners, and those recently released from IDOC custody, face in proceeding *pro se*. Those difficulties, however, do not excuse parties from complying with deadlines, following the direct Orders of the Court, or maintaining basic communication with the Court.

"Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break . . .." *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). Defendant Merz states that Plaintiff has not returned discovery in a timely manner and has not communicated regarding discovery (Doc. 50, p. 3). However, according to Plaintiff, that is because he incorrectly believed that Court proceedings were on hold due to the COVID-19 pandemic. The Court notes that Plaintiff has, in fact, kept the parties and the Court apprised of his current addresses, through a series of notices to the Court throughout the Spring of 2020.

For these reasons, the Court is convinced that dismissal is not an appropriate action at this time. However, moving forward, there does seem to be an issue with the address the Court has on file for Plaintiff, as mail has been returned. Plaintiff is instructed to file a notice with the Court confirming his current address. If mail continues to be undeliverable to this address, Plaintiff must make arrangements for another, secure address to which the Court and Defendants can send mail that will assuredly reach Plaintiff. Plaintiff should also know that he must comply with his obligations to respond discovery. Counsel should both communicate with one another, especially when it comes to extensions of time to respond to discovery. And finally, the parties are encouraged to consult the undersigned's case management procedures (which can be found on the Court's website) regarding discovery disputes and what the undersigned expects before the parties turn to the Court for help.

Defendant Merz's motion to dismiss for lack of prosecution (Doc. 50) is **DENIED**. The parties are reminded of the upcoming discovery deadline of October 30 and the dispositive motion deadline of November 30, 2020 (Doc. 48).

**IT IS SO ORDERED.**

**DATED: September 25, 2020**

> s/ Mark A. Beatty
> **MARK A. BEATTY**
> **United States Magistrate Judge**