IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAMON GARRABRANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-CV-00100-MAB |
| | ) |
| MATTHEW SWALLS, ET AL., | ) |
| | ) |
| Defendants. | ) |
| | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court *sua sponte* for case management purposes. For the reasons set forth below, this action is **DISMISSED with prejudice** pursuant to Rule 41(b). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

### FACTUAL BACKGROUND

Plaintiff Damon Garrabrant, a former inmate with the Illinois Department of Corrections ("IDOC"), filed this *pro se* lawsuit under 42 U.S.C. § 1983 on February 4, 2019 due to deprivations of his constitutional rights. Plaintiff alleged that while incarcerated at Vienna Correctional Center, he was improperly prescribed Prazosin, which caused him to have a seizure and fall, injuring his neck and head (Docs. 1, 9).

After a threshold review, pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on one Eighth Amendment claim against Defendants Penny George and Amelia

Merz for deliberate indifference to Plaintiff's serious medical needs when he was prescribed Prazosin (Doc. 9).

On December 23, 2019, Plaintiff filed a notice alerting the Court that he was released from IDOC custody on or around December 16, 2019 and providing to the Court his current address (Doc. 43). Plaintiff filed two more notices alerting the Court of his new address on both April 21, 2020 (Doc. 45) and June 23, 2020 (Doc. 46).

On August 3, 2020, Defendant George filed a motion requesting additional time to depose Plaintiff as both Defendants were struggling to get in touch with him (Doc. 47), which the Court granted on August 5 (Doc. 48). This August 5, 2020 Order was sent to Plaintiff at the address the Court has on record, but was returned as "undeliverable" on August 26, 2020 (Doc. 49). Soon after, on September 11, 2020, Defendant Merz filed a motion to dismiss for lack of prosecution, arguing that Plaintiff had not kept Defendants apprised of his address, had failed to return discovery, and had not communicated regarding discovery (Doc. 50, p. 3). Plaintiff responded in opposition on September 23, 2020 detailing that he incorrectly assumed that Court proceedings were delayed due to the COVID-19 health crisis and assured the Court that he had not abandoned his case (Doc. 51, p. 2). Accordingly, the Court denied Defendant Merz's motion on September 25, 2020 (Doc. 52). In that Order, however, the Court instructed Plaintiff to file another notice with the Court confirming his current address and warned Plaintiff that if mail continued to be undeliverable to his current address, he would have to make arrangements for another, secure address to which the Court and Defendants could send mail that would, assuredly, reach him (Doc. 52, p. 3). Plaintiff did not file a notice with the Court with his

current address after this Order.

Defendant George filed a second motion to amend the scheduling order on October 27, 2020, detailing that Defendants needed more time to depose Plaintiff as he had not responded to their attempts at communication (Doc. 56). Soon after, on November 5, 2020, Plaintiff filed a motion for counsel, requesting the Court to appoint counsel due to Plaintiff's PTSD, Depression, and Anxiety diagnoses that hindered his ability to comply with discovery (Doc. 58). Plaintiff also detailed that he experiences intrusive thoughts, flashbacks, and nightmares that cause him to avoid this case because of what he described as "mental anguish" (Doc. 58, p. 2).

On November 6, 2020, the Court granted Defendant George's motion to amend the scheduling order and reminded Plaintiff that the Court previously instructed him to file a notice with the Court with his current address as Defendants had not heard back from him about scheduling his deposition (Doc. 57). The Court again requested Plaintiff to provide the Court with a current address by filing a notice with the Court on or before November 20, 2020 and instructed Plaintiff that if he failed to comply with this Order, the Court may dismiss the entire action for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

Plaintiff did not file a notice with his current address by November 20, so the Court entered a Show Cause Order on November 24, 2020, ordering Plaintiff to respond and inform the Court of his current address and explain his delay in complying with an Order of the Court by December 15, 2020 (Doc. 59). The Court warned Plaintiff again that if he did not respond, the case would be dismissed for lack of prosecution. To date, Plaintiff

has not filed anything in response to the Court's Show Cause Order.

## ANALYSIS

Under the Federal Rule of Civil Procedure 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." FED. R. CIV. P. 41(b). "The court should exercise this right sparingly" and should dismiss a case "only when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing" and an explicit warning has been provided to the plaintiff that dismissal is imminent. *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.,* 721 F.2d 1067, 1069 (7th Cir. 1983)); *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004)).

In this matter, Plaintiff is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so. But those difficulties do not excuse him from complying with Court-imposed deadlines or communicating with the Court. Defendants have requested two extensions of time to conduct Plaintiff's deposition because he has not responded to their requests. In addition, Plaintiff was directed twice by the Court to file a notice with his current address, a task he previously completed three times (*See* Docs. 43, 45, 46). He failed to respond by the deadlines despite being warned of the consequences. The Court understands that Plaintiff was released from IDOC custody in December 2019 because he filed two notices with the Court on April 21 and June 23, 2020 to alert the Court to his current address after being released from prison (*See* Docs. 45,

46). The address included in Plaintiff's last notice (Doc. 46) is the same address the Court has on file for Plaintiff and where the Court sent Plaintiff the Show Cause Order.

The Court understands that Plaintiff is experiencing mental health concerns, as he details that due to his diagnoses, he is avoiding this litigation (Doc. 58).[1] However, as Plaintiff filed this lawsuit, he must continue to respond to Court Orders should he wish for his case to continue. Plaintiff has not responded to the Court's *three* Orders on September 25, November 6, and November 24, 2020 ordering Plaintiff to file a notice with the Court with his current address (*See* Docs. 52, 57, 59). Under the circumstances presented here, the Court can only conclude that Plaintiff is no longer interested in pursuing this litigation, and the Court is convinced that dismissal is appropriate. Accordingly, this action will be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (affirming the district court's decision to dismiss as case for failure to prosecute its case or abide by the court's orders and noting the court's inherent "authority under Federal Rule of Civil Procedure 41(b) to enter a *sua sponte* order of dismissal for lack of prosecution.").

---

[1] Plaintiff details these issues in his motion for counsel (Doc. 58). When presented with a request to appoint counsel, the Court must ask whether the indigent plaintiff made a reasonable attempt to obtain counsel or was effectively precluded from doing so, and if so, whether the plaintiff appears competent to litigate the case himself given the legal and factual complexity of his claims. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).The Court previously determined that he met the first prong of that test (Docs. 9, 31); however, Plaintiff has not responded to Defendants' requests and the Court's Orders since approximately August 2020. As Plaintiff has not complied with Orders of the Court, the Court cannot appoint counsel at this time as the Court is not assured Plaintiff will correspond with Court-appointed counsel.

CONCLUSION

This case is **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff's motion for counsel (Doc. 58) is rendered **MOOT**. The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

NOTICE

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life &*

*Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and submitted on-time, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to

proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED: December 30, 2020**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**
